IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARTURO HERNANDEZ-RODRIGUEZ<br>308 Chestnut Road<br>West Grove, PA 19390<br>    and, | : <br> : <br> : <br> : | CIVIL ACTION - LAW |
| JUAN RODRIGUEZ<br>235 College Circle<br>Oxford, PA 19352<br>    and, | : <br> : <br> : <br> : <br> : | NO.<br><br>JURY TRIAL DEMANDED |
| BARRY WARREN<br>215 McCoury Road<br>Nottingham, PA 19362<br>    and, | : <br> : <br> : <br> : <br> : | |
| BRIAN KELLY<br>221 West Woodview Road<br>West Grove, PA 19390<br>    and, | : <br> : <br> : <br> : <br> : | |
| ADBEL MOLINA<br>129 Pennsylvania Avenue, Apt. 2<br>Avondale, PA 19311<br>    and, | : <br> : <br> : <br> : <br> : | |
| JUVENAL TAPIA ORTIZ<br>1987 Garden Station Road<br>Avondale, PA 19311<br>    and, | : <br> : <br> : <br> : <br> : | |
| SAUL TAPIA ORTIZ<br>78 Bell Lane<br>Avondale, PA 19311<br>    and, | : <br> : <br> : <br> : <br> : | |

| | |
|---|---|
| JESUS AGUILAR<br>114 Columbine Drive<br>West Grove, PA 19390<br>           *Plaintiffs*<br>       v.<br><br>THE SCOTTS COMPANY<br>311 Reedville Road<br>Oxford, PA 19363<br>           *Defendant* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## COMPLAINT

Plaintiffs Arturo Hernandez-Rodriguez, Juan Rodriguez, Barry Warren, Brian Kelly, Adbel Molina, Juvenal Tapia Ortiz, Saul Tapia Ortiz, and Jesus Aguilar ("Plaintiffs"), as individuals, by and through their undersigned Counsel, file the present Complaint against Defendant, The Scotts Company ("Defendant" or "Scotts"), and in support thereof aver as follows:

1.     Plaintiffs bring this action seeking all available relief under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, against Defendant for subjecting Plaintiffs' pay to an automatic 30 minute meal period deduction even when Plaintiffs performed compensable work during the unpaid "meal break."

2.     In addition to Plaintiffs' FLSA claims, this action is brought under the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 Pa. C.S.A. § 260.1 *et seq.*, and Pennsylvania common law ("Pennsylvania state law claims").

3.     As explained herein, under applicable employment laws, Plaintiffs are entitled to compensation for all hours worked. Despite this plain truth, and although Defendant regularly required Plaintiffs to work through all or part of their meal break, Defendant subjected Plaintiffs' pay to automatic deductions for their scheduled meal breaks.

4. Plaintiffs bring this action as individuals and on their own behalf.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction over Plaintiffs FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over the WPCL and Pennsylvania state law claims pursuant to 28 U.S.C. § 1367, because those claims derive from a common nucleus of operative facts.

7. Venue for this action properly lies in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b), because Plaintiffs' claims arose in this judicial district.

## PARTIES

8. Plaintiff, Arturo Hernandez-Rodriguez, is an adult individual residing in West Grove, Chester County, Pennsylvania. Plaintiff, Arturo Hernandez-Rodriguez, was employed by Scotts as a forklift operator.

9. Plaintiff, Juan Rodriguez, is an adult individual residing in Oxford, Chester County, Pennsylvania. Plaintiff, Juan Rodriguez, was employed by Scotts as a heavy equipment operator and/or mixer.

10. Plaintiff, Barry Warren, is an adult individual residing in Nottingham, Chester County, Pennsylvania. Plaintiff, Barry Warren, was employed by Scotts as a jockey truck driver.

11. Plaintiff, Brian Kelly, is an adult individual residing in West Grove, Chester County, Pennsylvania. Plaintiff, Brian Kelly, was employed by Scotts as a fork lift operator and a maintenance mechanic.

12. Plaintiff, Adbel Molina, is an adult individual residing in Avondale, Chester County, Pennsylvania. Plaintiff, Adbel Molina, was employed by Scotts as a production area line runner.

13. Plaintiff, Juvenal Tapia Ortiz, is an adult individual residing in Avondale, Chester County, Pennsylvania. Plaintiff, Juvenal Tapia Ortiz, was employed by Scotts as a forklift operator and loader operator.

14. Plaintiff, Saul Tapia Ortiz, is an adult individual residing in Avondale, Chester County, Pennsylvania. Plaintiff, Saul Tapia Ortiz, was employed by Scotts as a forklift operator.

15. Plaintiff, Jesus Aguilar, is an adult individual residing in West Grove, Chester County, Pennsylvania. Plaintiff, Jesus Aguilar, was employed by Scotts as a forklift operator.

16. Defendant, The Scotts Company, is a corporation with its office at 311 Reedville Road, Oxford, Chester County, Pennsylvania. Scotts is supplier of consumer lawn and garden treatments and brands including Scotts, Miracle-Gro, Ortho, and Roundup.

## FACTUAL BACKGROUND

17. Defendant employed each and every individual plaintiff within the three years preceding the filing of this action; however, Defendant no longer employs any individual plaintiff.

18. During the time each and every individual plaintiff was employed by Scotts, Plaintiffs' pay was subject to an automatic meal break deduction even when they performed compensable work during their meal break.

19. Given the shipping demands and staffing shortages, Defendant knew that to get the tasks done that it assigned to Plaintiffs, Plaintiffs had to work through their unpaid "meal breaks."

20. Based upon information and belief, Defendant's computerized time and attendance automatically deducts and deducted from Plaintiffs' pay a thirty (30) minute meal period per work shift.

21. Plaintiffs often performed compensable work for Defendant during their uncompensated "meal breaks."

22. Defendant did not ensure that Plaintiffs were completely relieved of their work duties during their uncompensated "meal breaks."

23. Plaintiffs routinely were not completely relieved of their job duties during their uncompensated "meal breaks."

24. Plaintiffs routinely were required to continue working during their uncompensated "meal breaks."

25. Defendant did not prohibit Plaintiffs from working during their "meal breaks" and routinely permitted Plaintiff to perform such work.

26. Defendant routinely failed to ensure that unauthorized work was not being performed during employee "meal breaks."

27. In fact, although Defendant automatically deducted 30 minute meal periods, Defendant expected Plaintiffs to be available to work throughout their shifts and consistently required its employees to work during unpaid "meal breaks."

28. Plaintiffs were expected to eat without relief by additional staff.

29. Plaintiffs were often required to, among other things, continue operate forklifts, operate mixers, and maintain equipment during unpaid "meal breaks."

30. Defendant knew and/or had reason to know that Plaintiffs performed work during their unpaid "meal breaks."

31. Plaintiffs performed work for Defendant, on Defendant's premises, in plain sight, and often at management's request during their unpaid "meal breaks."

32. Defendant observed Plaintiffs working through their unpaid "meal breaks."

33. Defendant directed Plaintiffs to work during their unpaid "meal breaks."

34. Even though Defendant knew that Plaintiffs were working during "meal breaks," Defendant failed to compensate Plaintiffs for their work, electing instead to sit back and accept the benefits of Plaintiffs' uncompensated work.

35. Some evidence generally reflecting the number of uncompensated hours worked by each Plaintiff and the compensation rates for the relevant work periods is in the possession of Defendant.

36. While Plaintiff is unable to state at this time the exact amount owed to each Plaintiff, Plaintiffs believe that such information will become available during the course of discovery.

37. Plaintiffs suffered damage from the illegal policy, practice and custom regarding Defendant's pay practices.

38. Plaintiffs were denied overtime wages as a result of Defendant's pay practices. This violation was intended by Defendant and was willfully done.

39. Defendant's action in denying overtime wages to Plaintiffs was intentional and constitutes a willful violation of the FLSA.

40. Defendant has engaged in a continuing violation of the WPCL.

41. Defendant's action in denying overtime wages to Plaintiffs was intentional and constitutes a willful violation of the WPCL.

## COUNT I - FLSA

42. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

43. At all relevant times, Defendant has been an employer engaged in interstate commerce consistent with 29 U.S.C. §§ 206(a) and 207(a). At all relevant times, Defendant employed Plaintiffs consistent with the terms of the FLSA.

44. At all relevant times, Defendant has had annual gross revenues in excess of $500,000.00.

45. As a consequence of Defendant's employment practices whereby it automatically deducts thirty (30) minutes for meal breaks from the hourly, non-exempt employees, Plaintiffs were denied statutory overtime wages.

46. Plaintiffs were employees of Defendant within the meaning of the FLSA and, as such, Plaintiffs were entitled to the benefits of the FLSA's overtime wage requirements.

47. Defendant has failed to pay appropriate overtime wages under the FLSA.

WHEREFORE, Plaintiffs respectfully request:

    A.    All applicable statutory damages;

    B.    A Declaration that Defendant has violated the FLSA;

    C.    That Defendant be ordered to make whole the Plaintiffs by providing appropriate back pay, and reimbursement for lost wages in an amount to be shown at trial;

    D.    An Order awarding counsel for Plaintiffs reasonable attorneys fees and costs; and

E.  Any further relief which the Court deems appropriate under the circumstances.

## COUNT II – WPCL

48. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

49. The WPCL provides in relevant part:

"Every employer shall pay all wages, other than fringe benefits and wages supplements, due to his employees on regular paydays designated in advance by the employer... All wages, other than fringe benefits and wages supplements, earned in any pay period shall be due and payable within the number of days after the expiration of said pay period as provided in a written contract of employment or, if not so specified, within the standard time lapse customary in the trade or within 15 days from the end of such pay period. The wage shall be paid in lawful money of the United States or check, except that deductions provided by law, or as authorized by regulation of the Department of Labor and Industry for the convenience of the employer, may be made..." 43 P.S. sec 260.3.

50. Plaintiffs were employees of Defendant within the meaning of the WPCL and, as such, are entitled to timely payment of wages due to them.

51. Defendant was an employer of Plaintiffs within the meaning of the WPCL.

52. Defendant's policy of subjecting Plaintiffs to automatic meal break deductions even when they performed compensable work results in a violation of the WPCL.

53. Plaintiffs entered into an unwritten agreement with Defendant, pursuant to which Plaintiffs were to receive certain wages, in compensation for their work for Defendant.

54. Defendant's failure to pay wages for every hour worked, as required by Pennsylvania law, represents a violation of its agreement with Plaintiffs.

WHEREFORE, Plaintiffs respectfully request:

A.  All statutory remedies;

    B.    That Defendant's conduct be declared to be in violation of the WPCL;

    C.    That Defendant be ordered to make the Plaintiffs whole by providing by providing appropriate back pay, and reimbursement for lost wages in an amount to be shown at trial;

    D.    An Order awarding counsel for Plaintiffs reasonable attorneys fees and costs; and

    E.    Any further relief which the Court deems appropriate under the circumstances.

## COUNT III – UNJUST ENRICHMENT

55. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

56. Plaintiffs bring this Count in the alternative to their claims under the WPCL.

57. Plaintiffs were not paid wages for every hour that they worked.

58. Defendant retained the benefits of Plaintiffs' uncompensated work under circumstances which rendered it inequitable and unjust for Defendant to retain such benefits without paying for their value.

59. Defendant was unjustly enriched by requiring Plaintiffs to work hours for which they were not compensated.

WHEREFORE, Plaintiffs respectfully request:

    A.    That Defendant be declared to have been unjustly enriched;

    B.    That Defendant be ordered to pay back to Plaintiffs the amounts representing its unjust enrichment;

    C.    An Order awarding counsel for Plaintiffs reasonable attorneys fees and costs; and

D. Any further relief which the Court deems appropriate under the circumstances.

                                                GOLDBERG, MEANIX, McCALLIN & MUTH

_____
LAWRENCE A. GOLDBERG, ESQUIRE
Attorney for Plaintiffs

213-215 West Miner Street
West Chester, PA 19382
(610) 436-6220
lgoldberg@gmmlaw.net
Attorney I.D. No. 04917